{¶ 36} I disagree. Gapen cites sufficient overlooked evidence to prejudice him under Strickland. It is enough to undermine confidence in the outcome, particularly when viewed in light of the foreperson's original indication that the jury *Page 16 
was deadlocked on all counts on life sentences. Dr. Smith's expert opinions which offer a psychological rationale for killing Jessica would have altered the profile of Gapen presented to the jury. Gapen clearly had a right to present this mitigating evidence. See Williams v.Taylor (2000), 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389. Ultimately, "the prejudice prong is satisfied if `there is a reasonable probability that at least one juror would have struck a different balance.'" Hamblin v. Mitchell, 354 F.3d 482, 493 (6th
Cir. 2003).
 {¶ 37} The majority seems to suggest that Dr. Smith harbored or failed to disclose unarticulated opinions about Jessica's death, yet there is nothing in the record that suggests that Dr. Smith intentionally withheld mitigating evidence. In fact, defense counsel acknowledged at the post-conviction hearing that if he had been aware of such opinion(s), he would have utilized them. (Tr., p. 109, lines 18-23). It is undisputed that the most difficult hurdle for counsel at the sentencing phase was, "Why Jessica too?" As noted by the Ohio Supreme Court in addressing an assignment of error regarding inconsistent sentences herein, the court stated "the jury may have found that Gapen's decision to murder Jessica was not mitigated at all." State v.Gapen (2004), 104 Ohio St.3d 358, 2004-Ohio-6548 at 139. Thus, clearly an expert opinion as to why these crimes of passion carried over to Jessica was powerful mitigating evidence that should have been elicited and made available to the jury. The mitigating evidence the jury did not hear bears directly on the jury's finding of prior calculation and design in the death of Jessica.
 {¶ 38} Courts must be extremely critical in evaluating the presentation of mitigating evidence in a capital case. A capital defendant, including Gapen, has a *Page 17 
right to present the jury with any mitigating evidence that might spare his life.
 {¶ 39} I would sustain the sole assignment of error and reverse for a new sentencing hearing.
Copies mailed to:
Kirsten A. Brandt, Esq.
Ruth L. Tkacz, Esq.
 Hon. Mary Katherine Huffman *Page 1